**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**HELENA DIVISION**

ALONZO GILLIAM, III                                                                    PLAINTIFF
ADC #98194

V.                                        NO: 2:14CV00049 KGB/HDY

DANNY BURL *et al.*                                                                  DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge

Kristine G. Baker.  Any party may serve and file written objections to this recommendation.

Objections should be specific and should include the factual or legal basis for the objection.  If the

objection is to a factual finding, specifically identify that finding and the evidence that supports your

objection.  An original and one copy of your objections must be received in the office of the United

States District Court Clerk no later than fourteen (14) days from the date of the findings and

recommendations.  The copy will be furnished to the opposing party.   Failure to file timely

objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or

additional evidence, and to have a hearing for this purpose before the District Judge, you must, at

the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing before the District
        Judge  (if such  a  hearing is granted)  was not  offered at  the
        hearing before the Magistrate Judge.

3.     The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## DISPOSITION

Plaintiff Alonzo Gilliam III, an Arkansas Department of Correction ("ADC") inmate, filed a *pro se* complaint on April 7, 2014, alleging that his property was taken or lost after he was placed into punitive isolation on May 15, 2012, that he received two disciplinary charges in May of 2012 for the same event, and that he was written false disciplinary charges in August and September of 2012. On April 15, 2014, Plaintiff was ordered to file an amended complaint explaining how the incidents are related, and to clarify the motives of each Defendant accused of retaliatory actions. Plaintiff has now filed the amended complaint (docket entry #6). For the reasons set forth below, the complaint should be dismissed.

### I. Screening

Before docketing the complaint, or as soon thereafter as practicable, the Court must review the complaint to identify cognizable claims or dismiss the complaint if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A. FED.R.CIV.P. 8(a)(2)

requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." In *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007) (overruling *Conley v. Gibson*, 355 U.S. 41 (1967), and setting new standard for failure to state a claim upon which relief may be granted), the court stated, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment]to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do....Factual allegations must be enough to raise a right to relief above the speculative level," *citing* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004). A complaint must contain enough facts to state a claim to relief that is plausible on its face, not merely conceivable. *Twombly* at 570. However, a *pro se* plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dept. of Corr. & Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir.2002) (citations omitted).

## II.  Analysis

Plaintiff asserts that he was disciplined twice for the same event, and denied due process in the hearing. Plaintiff also claims that certain prison policies were violated in the disciplinary process, and his personal property was lost while he was serving punitive time.

Although Plaintiff claims he was placed in double jeopardy by being charged twice for the same offense, in the disciplinary hearing context, that is not a constitutional violation. *See Kerns v. Parratt*, 672 F.2d 690, 691 (8th Cir. 1982)(per curiam)(prison disciplinary proceedings did not place defendant "in jeopardy" for purposes of double jeopardy clause); *Reid v. Meinzer*, 2014 WL 1413529 (E.D. Ark. April 11, 2014) (slip copy) (prison disciplinary proceedings do not trigger double jeopardy protection). Likewise, the fact that disciplinary charges may be false, or the fact that prison policy was not followed, is not actionable. *See Sprouse v. Babcock*, 870 F.2d 450, 452

3

(8th Cir. 1989)(*citing Freeman v. Rideout*, 808 F.2d 949, 951-52 (2nd Cir. 1986), cert denied, 485 U.S. 982 (1988)) (false disciplinary charges alone not a constitutional violation); *Gardner v. Howard*, 109 F. 3d 427, 430 (8th Cir. 1997)(no § 1983 liability for violation of prison policy).

To the extent that Plaintiff's property may have been lost or stolen, he has no constitutional claim because he may pursue relief before the Arkansas Claims Commission. *See* Ark. Code Ann.§ 19-10-204; *Hudson v. Palmer*, 468 U.S. 517, 530-537 (1984) (when state actor deprives individual of personal property, individual does not have a § 1983 claim if state law provides adequate post-deprivation remedy).

Finally, Plaintiff has made conclusory allegations that Defendants are engaged in a campaign of harassment and retaliation. However, Plaintiff has made no factual allegations to suggest any Defendant had a motive to retaliate against him, despite the Court's specific instructions (docket entry #4) directing him to provide such information. *See Sisneros v. Nix*, 95 F.3d 749, 752 (8th Cir. 1996) (inmate claiming retaliation is required to meet burden of proving actual motivating factor for adverse action was as alleged); *Atkinson v. Bohn*, 91 F.3d 1127, 1129 (8th Cir. 1996) (per curiam) (allegations of retaliation must be more than speculative and conclusory; plaintiff failed to allege sufficient facts upon which a retaliatory animus could be inferred). Accordingly, Plaintiff's complaint should be dismissed, and all pending motions should be denied as moot.

### III.  Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1.     Plaintiff's complaint be DISMISSED WITHOUT PREJUDICE for failure to state a claim upon which relief may be granted.

2.     This dismissal count as a "strike" for purposes of 28 U.S.C. § 1915(g).

3.      The Court certify that an *in forma pauperis* appeal taken from the order and judgment dismissing this action is considered frivolous and not in good faith.

4.      All pending motions be DENIED AS MOOT.

DATED this   17   day of June, 2014.

_____
UNITED STATES MAGISTRATE JUDGE