IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

**ALONZO GILLIAM, III**                                                                                      **PLAINTIFF**
**ADC #98194**

V.                            Case No. 2:14-cv-00049 KGB/HDY

**DANNY BURL,** *et al.*                                                                                  **DEFENDANTS**

## ORDER

The Court has reviewed the Proposed Findings and Recommended Disposition ("Recommendation") submitted by United States Magistrate Judge H. David Young (Dkt. No. 9), and the objections filed by plaintiff Alonzo Gilliam, III (Dkt. No. 13). After carefully considering the objections and making a *de novo* review of the record in this case, the Court concludes that the Recommendation should be, and hereby is, approved and adopted in its entirety as this Court's findings in all respects.

The Court writes separately to address Mr. Gilliam's objections (Dkt. No. 13). First, Mr. Gilliam objects to the Recommendation's suggested dismissal of his due process claim. Mr. Gilliam argues that his due process rights were violated by the prison disciplinary proceedings against him, which resulted in "punitive days" in isolation, because defendant Ricky D. Thoren prevented him from calling staff witnesses and presenting evidence (Dkt. No. 2, at 9-10; Dkt. No. 6, at 5-6; Dkt. No. 13, at 4). Mr. Gilliam cites *Wolff v. McDonnell*, 418 U.S. 539, 563-67 (1974). In *Wolff*, the Supreme Court held that an inmate facing disciplinary proceedings to revoke "good-time" credit "should be allowed to call witnesses and present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals." *Id.* at 566. In dicta, the Court suggested this holding should be extended to disciplinary proceedings to impose punitive isolation. *Id.* at 571 n.19.

However, in *Sandin v. Conner*, the Supreme Court subsequently clarified that an inmate's liberty interests are limited to freedom from restraint that "imposes atypical and significant hardship on the inmate in relation to the ordinary incident of prison life" or to actions which "inevitably affect the duration of [a prisoner's] sentence." 515 U.S. 472, 484, 486-87 (1995). Placement in punitive isolation or administrative segregation for relatively short intervals, even if it results in a temporary suspension of privileges, does not constitute the type of "atypical and significant" hardship that triggers the protection of the Due Process Clause. *See Portley–El v. Brill*, 288 F.3d 1063, 1065-66 (8th Cir. 2002) (holding that thirty days in punitive segregation was not an atypical and significant hardship under *Sandin*); *Rahman X v. Morgan*, 300 F.3d 970, 973-74 (8th Cir.2002) (holding that inmate's placement in administrative segregation for 26 months without a disciplinary charge or conviction did not "demonstrate that his liberty interest was curtailed"); *Scott v. Coleman*, 493 Fed. App'x 810, 811 (8th Cir. 2012) (unpublished decision) (affirming district court's finding that plaintiff inmate failed to state a due process claim after assigned to punitive isolation for 158 days without a hearing); *Driscoll v. Youngman*, 124 F.3d 207 (8th Cir. 1997) (unpublished decision) (finding that of 135 days in disciplinary and administrative segregation without "meaningful exercise, natural light, and adequate time in the library" did not alone constitute an "atypical and significant hardship"); *Furlough v. Brandon*, No. 2:09CV00170 JMM/JTR, 2009 WL 4898418, at *2 (E.D. Ark. Dec. 15, 2009) (determining that inmate plaintiff failed to state a due process claim after being assigned to punitive isolation for 30 days and then administrative segregation for nearly nine months).

Here, Mr. Gilliam alleges that he was sentenced to serve punitive days at a hearing where he was refused witnesses and documentary evidence, but he does not state how many punitive days he was given at that hearing. Instead, he alleges that subsequent "written major

disciplinary" prolonged his assignment in punitive housing, without further explanation, which ended up "being the better part of a year" (Dkt. No. 6, at 6). Further, Mr. Gilliam does not allege that his punitive days affected the duration of his prison sentence. Based on the case law above, Mr. Gilliam has failed to state a due process claim upon which relief may be granted.

Second, Mr. Gilliam objects to the Recommendation's suggested dismissal of his claim that his property was lost or stolen. When a state actor deprives an individual of personal property, that individual does not have a 42 U.S.C. § 1983 claim if state law provides an adequate post-deprivation remedy. *Hudson v. Palmer*, 468 U.S. 517, 530-37 (1984). Mr. Gilliam argues that he attempted to pursue his claim with the Arkansas Claims Commission but that his claim was dismissed because correctional staff caused him to miss the Claims Commission's deadline to request a hearing on the matter by purposefully withholding his mail (Dkt. No. 13, at 6). Mr. Gilliam's allegation that defendants purposefully withheld his mail is conclusory and speculative and, regardless, not sufficiently related to the claim remaining in this lawsuit to proceed here. Further, Mr. Gilliam does not cite any authority for the proposition that such a claim, even if true, gives this Court jurisdiction over his claim that defendants lost or stole his property.

Third, Mr. Gilliam objects to the Recommendation's suggested dismissal of his retaliation claim. Mr. Gilliam alleges that defendants are engaged in a campaign of harassment and retaliation against him for complaints he filed against staff assaulting him, using excessive force, and sexual harassment (Dkt. No. 6, at 6). Mr. Gilliam provides a grievance form in which he complained that he was physically abused, but the grievance form does not name the officers involved in the alleged physical abuse (*Id.* at 98-99; Dkt. No. 7). The filing of false disciplinary charges against an inmate is actionable under 42 U.S.C. § 1983 if done in retaliation for inmates

having filed a grievance pursuant to established procedures. *Sprouse v. Babcock*, 870 F.2d 450, 452 (8th Cir. 1989). However, Mr. Gilliam has made no factual allegations to suggest that any particular defendant had a motive to retaliate against him, despite prior instructions directing him to provide such information (Dkt. No. 4). For example, Mr. Gilliam did not allege that defendants were involved in or affected by his previous complaints. *See Atkinson v. Bohn*, 91 F.3d 1127, 1129 (8th Cir. 1996) (finding that district court properly dismissed plaintiff's retaliation claim because plaintiff did not allege that defendants were involved in or affected by his previous litigation). Because Mr. Gilliam's allegations of retaliation are speculative and conclusory, he fails to allege sufficient facts upon which a retaliatory animus could be inferred. *See id.*

It is therefore ordered that:

1. Mr. Gilliam's complaint is dismissed without prejudice for failure to state a claim upon which relief may be granted.

2. This dismissal counts as a "strike" for purposes of 28 U.S.C. § 1915(g).

3. The Court certifies that an *in forma pauperis* appeal taken from this Order and Judgment dismissing this action is considered frivolous and not in good faith.

4. All pending motions are denied as moot.

SO ORDERED this 10th day of December, 2014.

_____
KRISTINE G. BAKER
UNITED STATES DISTRICT JUDGE